RECEIVED
IN LAFAYETTE, LA.

JUL 15 2011

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | DOCKET NO. 6:10-CR-00077 |
| VERSUS | JUDGE HAIK |
| JESSIE ALFRED | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

A hearing was held at 2:00 pm on July 11, 2011, before the undersigned Magistrate Judge, with regard to the defendant's letter motion in which he requested that a different attorney be assigned to represent him. Present in court was the defendant, Jessie Alfred, and his current attorney, Jennifer Enterante Cummings.

### BACKGROUND INFORMATION

The defendant was indicted for Conspiracy to Possess and Distribute Cocaine and Cocaine Base on March 9, 2010. The defendant was detained pending trial, which is currently scheduled for August 8, 2011. On June 22, 2010, the defendant requested that this Court appoint an attorney to represent him at all stages of the proceedings. On June 28, 2010, this Court appointed Jennifer Enterante Cummings, CJA panel attorney, to represent the defendant.

In his letter motion, the defendant requested "replacement of counsel." The defendant makes allegations of his current attorney's "ineffectiveness," and

performance that is "below the standard of reasonableness." Additionally, he represents that his attorney will not "file, investigate, and argue any pre-trial motions" and that there has been an "irrepairable breakdown in [his] attorney-client relationship." However, at the hearing, the defendant did not provide factual support for these allegations.

## DISCUSSION

The 6th Amendment guarantees a criminal defendant the right to counsel in criminal prosecution. Generally, this means that the defendant has the right to choose and retain his own attorney. U.S. v. Gharbi, 510 F. 3d 550, 553 (5th Cir. 2007). However, the "right to counsel of choice. . . is not absolute." Id. As explained in U.S. v. Young, 482 F.2d 993, 995 (5th Cir. 1973), "[a]lthough an indigent criminal defendant has a right to be represented by counsel, he does not have a right to be represented by a particular lawyer, or to demand a different appointed lawyer except for good cause." Good cause may include a showing of a complete breakdown in communication or an irreconcilable conflict. Young, 482 F.2d at 995. A complete breakdown in communication or irreconcilable conflict is one where representation of the defendant is "impossible." Young, 482 F.2d. at 996.

Unless the defendant shows a Sixth Amendment violation, it is within the discretion of the court whether to appoint a different attorney for criminal

defendant who is dissatisfied with appointed counsel. Id. A Sixth Amendment violation occurs when counsel's performance is "below an objective standard of reasonableness," specifically, "reasonableness under prevailing professional norms." Strickland v. Washington, 466 U.S. 668, 688 (1984).

While the defendant makes broad allegations that Ms. Cummings' performance is below the "standard of reasonableness," and of her "ineffectiveness," the defendant provided no factual basis for these allegations. The record reflects the measures taken by Ms. Cummings and they are reasonable.

The defendant's allegation that there has been an "irrepairable breakdown in [his] attorney-client relationship," is presumably an argument that there has been a complete breakdown in communication or an irreconcilable conflict. Young, 482 F.2d at 995. However, he offers no factual support.

While the defendant may disagree with Ms. Cummings trial strategy, there is no complete breakdown in communication or irreconcilable conflict between him and his attorney to make it impossible for her to represent him.

The Court finds that there is no factual basis to find that Ms. Cummings has performed below the standard of objective reasonableness to warrant a finding that the defendant's Sixth Amendment right to effective counsel has been denied. Further, the Court finds that the defendant has not alleged any good cause to

demand a new attorney.

Accordingly,

IT IS ORDERED that the defendant's letter motion requesting a different attorney is DENIED.

July 15, 2011 AT LAFAYETTE, Louisiana.

_____
U.S. MAGISTRATE JUDGE