UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES OF AMERICA          CRIMINAL NO. 6:10-CR-00077-01
                                  CIVIL ACTION NO. 6:12-CV-03152

VERSUS                            JUDGE HAIK

JESSIE ALFRED                     MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

Pending before this Court is Jessie Alfred's motion, brought pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. (Rec. Doc. 83). The matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. The respondent was served and has filed an answer as well as a memorandum in response to the motion. (Rec. Doc. 91). Because Mr. Alfred contends, in his motion, that his counsel failed to file an appeal after being asked to do so, an evidentiary hearing was held on December 18, 2013. For the following reasons, it is recommended that the motion be granted in part and denied in part.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 9, 2010, Mr. Alfred was charged in an indictment with conspiracy to possess and distribute cocaine and cocaine base in violation of 21 U.S.C. § 846.

(Rec. Doc. 1).  The indictment states that the conspiracy continued from January 1, 1996 to April 1, 2006.

Mr. Alfred was originally represented by Jenifer Enterante Cummings.  On June 10, 2011, however, Mr. Alfred filed a *pro se* motion seeking to have Ms. Cummings replaced because he was dissatisfied with the quality of her representation. (Rec. Doc. 48).  After a hearing, the Court denied the motion.  (Rec. Doc. 55).

On July 27, 2011, pursuant to a written plea agreement (Rec. Doc. 59), Mr. Alfred pleaded guilty to the offense charged in the indictment.  (Rec. Doc. 58, 80).

On October 28, 2011, Mr. Alfred filed *pro se* objections to the presentence investigation report.  (Rec. Doc. 61).  On November 14, 2011, he moved to withdraw his guilty plea, alleging that he had not been afforded effective assistance of counsel. (Rec. Doc. 62).  The motion was denied, and it was ordered that his objections to the presentence investigation report would be taken up at sentencing.  (Rec. Doc. 64).

On December 12, 2011, attorney Elbert Lee Guillory enrolled as Mr. Alfred's counsel in place of Ms. Cummings.  (Rec. Doc. 67).  On February 13, 2012, Mr. Alfred was sentenced to 189 months imprisonment (Rec. Docs. 70, 81), with judgment entered into the record on February 15, 2012 (Rec. Doc. 73).

-2-

Mr. Alfred did not appeal.  He now complains that his sentence is too long, and he seeks leave to file an out-of-time appeal so that the length of his sentence can be reviewed by the appellate court.

## ISSUES PRESENTED

Mr. Alfred does not contend that he is not guilty of the crime with which he was charged.  Instead, he complains that his sentence is too long.  (Rec. Doc. 84 at 1).  He presents four issues:

1.    Mr. Alfred argues that the United States Sentencing Guidelines were erroneously applied by the trial court when three criminal history points were assigned based on his 1996 state-court conviction for possession with intent to distribute cocaine and when two criminal history points were assigned based on his being on parole with regard to the 1996 conviction[1] at the time of his subsequent prosecution, resulting in a 189 month sentence of imprisonment.  Mr. Alfred contends that five criminal history points should be subtracted and that his sentence should be reduced to 172 months.

---

[1]    There is some confusion in the briefing regarding the date of the prior conviction. The presentence investigation report states that Mr. Alfred was arrested on February 19, 1996 and sentenced on March 27, 1997.  (Rec. Doc. 75 at 11).  But the date of his conviction is not stated. Although the Government's brief refers to the "1997 conviction," the undersigned, like Mr. Alfred, refers to the prior event as the "1996 conviction."

2.      Mr. Alfred argues that the trial court's failure to include his prior conviction as a part of the offense to which he pleaded guilty constituted an impermissible amendment or variance to the indictment.

3.      Mr. Alfred contends that the trial court erred in failing to grant his motion to withdraw his guilty plea.

4.      Mr. Alfred contends that he received ineffective assistance of counsel when Ms. Cummings induced him to plead guilty, when Mr. Guillory failed to object at sentencing to the guidelines calculation in the presentence investigation report, and when Mr. Guillory failed to appeal his sentence even though Mr. Alfred asked him to do so.  Mr. Alfred now seeks an out-of-time appeal.

### APPLICABLE LAW AND DISCUSSION

### THE SCOPE OF § 2255 RELIEF

Following conviction and exhaustion or waiver of the right to file a direct appeal, the court presumes that a defendant stands fairly and finally convicted.[2] Under § 2255, there are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence:  (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to

---

[2]      *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991); *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.[3]   Relief under Section 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.[4]

Issues that are raised and disposed of in a direct appeal from an original judgment of conviction are not considered in § 2255 motions.[5]   Likewise, the failure to raise a claim at trial or on appeal generally results in a waiver of the claim.[6]   "A defendant may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause for his procedural default, and 'actual prejudice' resulting from the error."[7]   "We apply this rigorous standard in order to ensure that final judgments command respect and that their binding effect

---

[3]      28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

[4]      *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992); *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995); *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994).

[5]      *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986)*; United States v. Segler*, 37 F.3d at 1134.

[6]      *United States v.Vaughn*, 955 F.2d at 368; *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

[7]      *United States v. Segler,* 37 F.3d. 1133 (quoting *United States v. Shaid*, 937 F.2d at 232).

does not last only until 'the next in a series of endless postconviction collateral attacks.'"[8]

There are three recognized exceptions to the cause and prejudice requirement: (1) extraordinary cases in which a constitutional error has probably resulted in the conviction and incarceration of someone who is actually innocent;[9] (2) cases in which the government fails to object to the consideration of newly-raised issues;[10] and (3) cases raising certain constitutional claims that may only be adequately addressed on collateral attack, such as ineffective assistance of trial counsel.[11]  Otherwise, "[i]f the error is not of constitutional or jurisdictional magnitude, the defendant must show the error would result in a complete miscarriage of justice."[12]

## GROUND ONE – THE ALLEGED MISAPPLICATION OF THE SENTENCING GUIDELINES

Mr. Alfred argues that his sentence is too long because the trial court erroneously applied the sentencing guidelines.  More particularly, he argues that the

---

[8]     *United States v. Shaid*, 937 F.2d at 232 (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

[9]     *United States v. Carrier*, 477 U.S. at 496; *United States v. Shaid*, 937 F.2d at 232.

[10]     *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

[11]     *United States v. Riascos*, 76 F.3d 93, 94-95 (5th Cir. 1996).

[12]     *United States v. Segler*, 37 F.3d at 1133 (quoting *United States v. Schaid,* 937 F.2d at 232 n.7).

court erred when it assigned three criminal history points based on his 1996 state-court conviction for possession with intent to distribute cocaine and when it assigned two criminal history points based on his being on parole with regard to the 1996 conviction when he was prosecuted on the federal conspiracy charge. This issue was not raised on appeal.

Non-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.[13]  "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. . . . Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions."[14]

Mr. Alfred could have raised this issue on appeal, but he did not do so. Therefore, the claim cannot be considered in this motion, and the undersigned recommends that the motion to vacate on this ground be denied.

---

[13]     *United States v. Vaughn*, 955 F.2d at 368.

[14]     *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).  See, also, *United States v. Segler*, 37 F.3d at 1134; *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994).

## GROUND TWO – THE ALLEGED VARIANCE OF THE INDICTMENT

Mr. Alfred's second contention is that the trial court's failure to consider his state-court conviction as a part of the offense to which he pleaded guilty in federal court constituted an impermissible amendment or variance of the indictment.  The indictment alleges that Mr. Alfred was involved in a conspiracy to possess and distribute cocaine and cocaine base from January 1, 1996 to April 1, 2006.  The presentence investigation report noted that, following arrest on February 19, 1996, he was convicted in Louisiana state court of possession of more than 400 grams of cocaine.  (Rec. Doc. 75 at 11).  In calculating his sentence under the sentencing guidelines, the probation officer added three criminal history points for the prior conviction (Rec. Doc. 75 at 11) and two criminal history points for being on parole supervision with regard to the 1996 conviction when he committed the offense charged in the federal indictment.  (Rec. Doc. 75 at 12).  In his *pro se* objection to the presentence investigation report (Rec. Doc. 61 at 10-11), Mr. Alfred argued that, because his prior conviction fell on a date within the coverage of the federal indictment, the prior conviction was a part of the offense charged in the indictment and that, consequently, the three point enhancement for the prior criminal conviction should not have been included in the presentence investigation report's sentencing guidelines calculation.

Mr. Alfred attempts to present this claim as arising under the Fifth Amendment's prohibition of double jeopardy.  The Fifth Amendment to the Constitution affords protection against double jeopardy by forbidding multiple punishments for the same act.[15]  However, "[i]t is well-established that a double jeopardy claim cannot be raised when an individual is prosecuted for the same act that violates the laws of dual sovereigns."[16]  "Two different sovereigns may prosecute a person for a single act that violates their respective laws."[17]  A federal prosecution following a state prosecution might violate the Constitution only if the "federal prosecution was a sham or tool of the state prosecution."[18]  In this case, there is no evidence that this exception to the general rule is applicable.  Therefore, even if Mr. Alfred actually was prosecuted and punished under Louisiana law and then subsequently prosecuted in federal court under a federal statute proscribing the same activity, his double jeopardy protections would not be triggered.  Consequently, Mr. Alfred's double jeopardy claim has no merit.

---

[15]      *United States v. Buchanan*, 485 F.3d 274, 278 (5th Cir. 2007).

[16]      *United States v. Moore*, 958 F.2d 646, 650 (5th Cir. 1992), citing *Heath v. Alabama*, 474 U.S. 82, 89-90 (1985).

[17]      *United States v. Cothran*, 302 F.3d 279, 285 (5th Cir. 2002), citing *Heath v. Alabama*, 474 U.S. at 88-89.

[18]      *United States v. Cothran*, 302 F.3d at 285 (quoting *United States v. Moore*, 958 F.2d 646, 650 (5th Cir. 1992)).

Mr. Alfred does not argue that the alleged defect in the indictment destroyed the trial court's jurisdiction.  Indeed, when an indictment is defective because it fails to allege an element of the offense, jurisdiction is not destroyed.[19]  Therefore, if Mr. Alfred is contending that the indictment fails to properly charge him, his objection "does not contest jurisdiction but 'goes only to the merits of the case.'"[20]  Such an objection must be asserted on direct appeal.  But Mr. Alfred did not appeal, and he waived his right to appeal in his plea agreement, without making any reservation whatsoever.  Thus, his right to challenge any non-jurisdictional defects in the indictment was waived by his guilty plea,[21] including any argument he might have concerning the allegations set forth in the indictment and the factual stipulations supporting the indictment.

At sentencing, the court addressed Mr. Alfred's objection, stating:  "The defendant's prior conviction occurred before the instant offense and involved additional substances, which is 423 gams of crack cocaine, firearms, three handguns,

---

[19]     *United States v. Jacquez-Beltran*, 326 F.3d 661, 662 (5th Cir. 2003); *United States v. Longoria*, 298 F.3d 367, 372 (5th Cir.) (en banc) (construing *United States v. Cotton*, 535 U.S. 625, (2002)), cert. denied, 537 U.S. 1038 (2002).

[20]     *United States v. Cotton*, 535 U.S. at 631 (quoting *Lamar v. United States*, 240 U.S. 60, 65 (1916)).

[21]     See *United States v. Easton*, 937 F.2d 160, 162 (5th Cir. 1991); *United States v. Sealed Appellant*, 560 F.3d 241, 242 (5th Cir. 2008).

and another individual. . . totally unrelated to the instant offense." (Rec. Doc. 81 at 14).  The Court also stated that if the prior conviction was related to the instant offense, the three-point enhancement for prior criminal activity would be removed but enhancements due to the additional amount of crack cocaine and the involvement of firearms in the earlier offense would be added, resulting in an identical offense level calculation.  (Rec. Doc. 81 at 14-15).

Therefore, although it is couched in terms of a variance of the indictment, Mr. Alfred's actual complaint about the factual basis for the indictment is, once again, that the sentencing guidelines were not properly applied.  As noted previously, this argument cannot be made in a § 2255 complaint.  For this reason, the undersigned finds that Mr. Alfred's second ground for vacating his sentence lacks merit, and it is recommended that the motion to vacate on this basis be denied.

## GROUND THREE – THE TRIAL COURT'S DENIAL OF THE MOTION TO WITHDRAW THE PLEA

Almost four months after pleading guilty to the sole count charged in the indictment, Mr. Alfred moved to withdraw his guilty plea.  (Rec. Doc. 62).  Mr. Alfred now contends that the trial court erred in failing to grant that motion.

A defendant may withdraw a guilty plea after the court accepts the plea and before sentencing if the defendant shows a fair and just reason for requesting the

-11-

withdrawal.[22]  In this case, the only reason Mr. Alfred has articulated for seeking to have his plea vacated is that Ms. Cummings, his attorney at that time, provided ineffective assistance by failing to properly investigate the law and advised that he would receive certain inducements if he pleaded guilty.  When those alleged inducements did not materialize, and the presentence investigation report recommended a longer prison sentence than Mr. Alfred had anticipated, he filed his motion to vacate the plea as well as a motion seeking to have Ms. Cummings replaced.

In deciding whether to vacate a guilty plea, the district court must evaluate seven factors:  (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the Government; (3) whether the defendant has delayed in filing his withdrawal motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources.[23]  "[T]he burden of establishing a fair and just reason for withdrawing a guilty plea rests with the defendant,"[24] and the district court should

---

[22]     Fed. R. Cr. P. 11(d)(2)(B).

[23]     *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984).

[24]     *United States v. Brewster*, 137 F.3d 853, 858 (5th Cir. 1998).

base its decision on the totality of circumstances.[25]   Thus, there is no absolute right

for a defendant to withdraw his plea.[26]

When evaluating the seven relevant factors, "the district court is not required

to make a finding as to each individual factor."[27]   In this case, the trial court judge

stated that his denial of Mr. Alfred's motion was "[b]ased on the colloquy of his

plea."  (Rec. Doc. 64).  This can be interpreted only to mean that the trial court

reached its decision to deny the motion in reliance upon the sixth factor, finding that

Mr. Alfred's guilty plea was knowing and voluntary.  "If a defendant understands the

charges against him, understands the consequences of a guilty plea, and voluntarily

chooses to plead guilty, without being coerced to do so, the guilty plea and any

concomitant agreement will be upheld on federal review."[28]

---

[25]      *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009).

[26]      *United States v. Hicks*, No. 11-50608, 2013 WL 3855573, at *1 (5th Cir. July 26, 2013) ("Because Hicks did not seek to withdraw his guilty plea before the district court accepted it, he had no absolute right to withdraw his guilty plea.").  See, also, *United States v. Powell*, F.3d 362, 370 (5th Cir. 2003); *United States v. Brewster*, 137 F.3d at 857.

[27]      *United States v. McKnight*, 570 F.3d at 646.

[28]      *Deville v. Whitley*, 21 F.3d 654, 656 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 436 (1994) (quoting *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980), *modified on other grounds*, 646 F.2d 902 (5th Cir.), *cert. denied*, 454 U.S. 840 (1981)).

A valid plea of guilty must be knowing and voluntary.[29]  This is so because a guilty plea requires the waiver of several constitutional rights.[30]  Fed. R. Cr. P. 11 establishes a procedure that, when followed by the district court at a change-of-plea hearing, ensures that a guilty plea is knowing and voluntary.[31]  Under this procedure, the district court must place the defendant under oath and address him personally in open court to determine whether he understands that he will waive various rights if he pleads guilty; that he understands the nature of the charges against him; that he understands the maximum possible penalty, any mandatory minimum penalty, the court's authority to require restitution, and the court's obligation to impose a special assessment; the court's obligation to calculate the applicable sentencing guideline range; and the terms of any plea agreement provision that waives the right to appeal or collaterally attack the sentence.[32]  The court must also ascertain that the plea does

---

[29]     *Brady v. United States*, 397 U.S. 742, 748 (1970); *United States v. Titus*, No. 12-31083, 2013 WL 5997824, at *2 (5th Cir. Nov. 13, 2013).

[30]     *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002) (citing *Boykin v. Alabama*, 395 U.S. 238, 242–44 (1969)).

[31]     *United States v. Carreon-Ibarra*, 673 F.3d 358, 364 (5th Cir. 2012); *United States v. Reyes*, 300 F.3d at 558.

[32]     Fed. R. Cr. P. 11(b)(1)(A) through (N).

not result from force, threats, or promises other than those in the plea agreement[33] and

determine that there is a valid factual basis for the plea.[34]

At Mr. Alfred's change of plea hearing, the district court very carefully

reviewed each of these items with Mr. Alfred. (Rec. Doc. 80).  After being sworn in,

Mr. Alfred confirmed that he was before the court for the purpose of pleading guilty

to Count One of the indictment, which charged him with conspiracy to possess and

distribute cocaine and cocaine base (Rec. Doc. 80 at 4); that he understood his rights

and that he was waiving them (Rec. Doc. 80 at 6 through 7); that he understood every

word, line, sentence, and paragraph of the indictment (Rec. Doc. 80 at 8); that he

understood the elements of the offense with which he was charged (Rec. Doc. 80 at

9 through 10); and that he understood the minimum and maximum penalty (Rec. Doc.

80 at 11).  The district court also asked if anyone "threatened you or leaned on you

or forced you to plead guilty, or told you if you did not plead guilty further charges

would be brought against you or other adverse action would be taken against you."

(Rec. Doc. 80 at 13).  Mr. Alfred answered, "No, sir."  (Rec. Doc. 80 at 13).  The

district court also reviewed the plea agreement with Mr. Alfred and ascertained that

he understood everything in it.  (Rec. Doc. 80 at 14).  The court then asked, "has

---

[33]     Fed. R. Cr. P. 11(b)(2).

[34]     Fed. R. Cr. P. 11(b)(3).

anyone made any promises other than the plea agreement that induced you to plead guilty?" (Rec. Doc. 80 at 15).  Mr. Alfred answered, "No, sir."  (Rec. Doc. 80 at 15). The court then ascertained that Mr. Alfred understood that a determination of the applicable sentencing guidelines would be made but that "the judge has the authority in some circumstances to impose a sentence that is more severe or less severe than the sentence called for in the guidelines." (Rec. Doc. 80 at 16).  The court then reviewed the stipulated factual basis for the plea with Mr. Alfred (Rec. Doc. 80 at 17 through 20) and Mr. Alfred confirmed that the entirety of the stipulated factual basis was true and correct (Rec. Doc. 80 at 20).  The court expressly found that there was a factual basis for the plea.  (Rec. Doc. 80 at 23).  The court accepted Mr. Alfred's guilty plea and expressly found that the plea was "knowingly, intentionally, and voluntarily made." (Rec. Doc. 80 at 22).

The district court's careful attention to all of the Rule 11 requirements at the time of Mr. Alfred's guilty plea supports the court's later refusal to vacate the plea. Furthermore, Mr. Alfred has not met his burden of establishing a fair and just reason for withdrawing the plea.  Accordingly, it is recommended that, to the extent Mr. Alfred is seeking to now have his guilty plea vacated, the instant motion should be denied.

## GROUND FOUR – THE ALLEGED INEFFECTIVE ASSISTANCE OF COUNSEL

Mr. Alfred contends that he received ineffective assistance of counsel from both Ms. Cummings and Mr. Guillory.  The Sixth Amendment guarantees criminal defendants the "right to effective assistance of counsel at every critical stage of the proceedings against them."[35]  When a defendant collaterally attacks his conviction or sentence based on the effectiveness of his counsel, he has the burden of proving by a preponderance of the evidence that his constitutional rights have been violated.[36] The right to effective counsel "is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense."[37]

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) that his attorney's representation was deficient because it fell below an objective standard of reasonableness; and (2) that the attorney's deficient performance prejudiced the defendant.[38]  The defendant bears the burden of establishing both prongs of the test, and failure to establish either prong is fatal to the

---

[35]     *Burdine v. Johnson*, 262 F.3d 336, 344 (5th Cir. 2001).

[36]     *James v. Cain*, 56 F.3d 662, 667 (5th  Cir. 1995); *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976).

[37]     *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003).

[38]     *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  See, also, *United States v. Franks*, 230 F.3d 811, 813 (5th Cir. 2000); *United States v. Garcia*, 77 F.3d 857, 859 (5th Cir. 1996).

claim.[39]  The parts of the test need not be analyzed in any particular order, and there is no need to consider the remaining part once an insufficient showing has been made concerning the other one.[40]

In analyzing the professional competence part of the test, judicial scrutiny of an attorney's performance must be "highly deferential," and the court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's alleged conduct, and to evaluate the conduct from counsel's perspective at the time."[41]  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[42]

To satisfy the prejudice part of the test, the defendant must demonstrate that his attorney's actions or inactions were "so serious as to render the proceedings unreliable and fundamentally unfair."[43]  "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding

---

[39]      *Strickland v. Washington*, 466 U.S. at 687; *United States v. Franks*, 230 F.3d at 813; *Tucker v. Washington*, 115 F.3d 276, 280 (5th Cir. 1997).

[40]      *Strickland v. Washington*, 466 U.S. at 697; *Goodwin v. Johnson*, 132 F.3d 162, 173 at n. 6 (5th Cir. 1998).

[41]      *Strickland v. Washington*, 466 U.S. at 689.

[42]      *Strickland v. Washington*, 466 U.S. at 689.

[43]      *United States v. Patten*, 40 F.3d 774, 777 (5th Cir. 1994), citing *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).  See, also, *United States v. Saenz-Forero*, 27 F.3d 1016, 1021 (5th Cir. 1994).

if the error did not prejudice the defense."[44]  Prejudice is demonstrated only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."[45]  A petitioner's allegations of ineffective assistance of counsel must be supported by the record,[46] and bald, conclusory allegations are insufficient.[47]

## A.   MS. CUMMINGS

Mr. Alfred contends that he received ineffective assistance of counsel when Ms. Cummings failed to properly investigate his issues and objections (Rec. Doc. 84 at 10, 15), failed to inform him "as to variances, constructive amendments, and the effects as to his plea stipulated factual basis" (Rec. Doc. 84 at 10), advised that he would receive a benefit for convincing Charles Alfred to plead guilty (Rec. Doc. 84 at 14), and used false expectations to induce him to plead guilty (Rec. Doc. 84 at 16).

By entering a voluntary guilty plea, a defendant waives all nonjurisdictional

---

[44]        *Ricalday v. Procunier*, 736 F.2d 203, 208 (5th Cir. 1984).

[45]        *Strickland v. Washington*, 466 U.S. at 694.

[46]        See *United States v. Johnson*, 679 F.2d 54, 58 (5th Cir. 1982).

[47]        *United States v. Demik*, 489 F.3d 644, 646-47 (5th Cir. 2007); *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).  See, also, *Williams v. Wynne*, 533 F.3d 360, 369 (5th Cir. 2008); *Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001); *United States v. Flores*, 135 F.3d 1000, 1006-07 (5th Cir. 1998).

defects in the proceedings, including claims of ineffective assistance of counsel except to the extent that his counsel's ineffectiveness allegedly rendered the guilty plea involuntary.[48]  Mr. Alfred must prove both that Ms. Cummings's performance was objectively unreasonable when measured against prevailing professional norms and also that he was prejudiced by her actions or omissions.[49]  To prove that he was prejudiced by her alleged ineffectiveness with regard to his entry of a guilty plea, Mr. Alfred must demonstrate that there is a reasonable probability that, but for his counsel's errors, he would not have pleaded guilty and would, instead, have insisted on going to trial.[50]

When a defendant appears in open court and engages in a plea colloquy with the court, the defendant's attestations regarding voluntariness are not an absolute bar to his later asserting a claim that the plea was coerced, but the defendant faces a heavy burden in proving that he is entitled to relief because the testimony in open

---

[48]     *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000), citing *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991).

[49]     *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

[50]     *Hill v. Lockhart*, 474 U.S. at 59; *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008); *Bond v. Dretke*, 384 F.3d 166, 167-68 (5th Cir. 2004).

court carries a strong presumption of verity.[51]  A review of Mr. Alfred's plea colloquy

demonstrates that he voluntarily pleaded guilty.

| | |
|---|---|
| THE COURT: | . . .  Mr. Alfred, I understand you have had ample opportunity to discuss your case with your attorney, Ms. Cummings.  Is that correct? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Do you feel that she knows and understands the facts and circumstances surrounding your case? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Do you feel it's in your best interest to enter a plea of guilty to Count 1 at this time? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | All right.  And are you satisfied with the representation of Ms. Cummings at this time? |
| THE DEFENDANT: | Yes, sir.[52] |

In addition to stating that he was satisfied with Ms. Cummings's

representation, Mr. Alfred also denied that she – or anyone else – had made promises

concerning the length of his sentence that induced him to plead guilty.

---

[51]    *DeVille v. Whitley*, 21 F.3d at 659, citing *Blackledge v. Allison*, 431 U.S. at 74.

[52]    Rec. Doc. 80 at 5.

-21-

| THE COURT: | Mr. Alfred, has anyone made any predictions or prophecies or promises to you as to what your sentence will be? |
|---|---|
| THE DEFENDANT: | No, sir.[53] |

In addition to the testimony given at the change-of-plea hearing, Mr. Alfred also signed a written plea agreement[54] and an affidavit of understanding of maximum penalty.[55]  Like his testimony in open court concerning the voluntariness of his plea, these documents must be accorded great evidentiary weight.[56]  Both the statements made during the plea colloquy and the signed documents support the conclusion that Mr. Alfred's plea was voluntary.  Even when a defendant's counsel renders totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary.[57]  The voluntariness of a plea can be demonstrated by showing that the defendant understood the charge and the consequences that would befall him should he plead guilty.[58]

---

[53]     Rec. Doc. 80 at 15.

[54]     Rec. Doc. 59.

[55]     Rec. Doc. 59-1.

[56]     *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994).

[57]     *DeVille v. Whitley*, 21 F.3d at 659; *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984); and *Diaz v. Martin*, 718 F.2d 1372, 1379 (5th Cir. 1983).

[58]     *DeVille v. Whitley*, 21 F.3d at 657.

-22-

As noted above, during the change-of-plea hearing, the district court meticulously followed the protocol necessitated by Fed. R. Cr. P. 11.  He explained the elements of the crime with which Mr. Alfred was charged then specifically asked him:  "And do you understand that these are the elements of the offense that the government must prove by good and competent evidence before you could be found guilty of this offense?"  The response was "Yes, sir."[59]  Similarly, the district court explained the consequences of the plea – both the minimum and maximum sentences for the crime and the consequences other than the period of incarceration – and Mr. Alfred again stated that he understood the consequences.[60]  Thus, the transcript of the change-of-plea hearing shows that Mr. Alfred understood the charge and the consequences.  Consequently, his plea was voluntary.

In this case, the written plea agreement, the written affidavit of understanding of maximum penalty, and the plea colloquy all support the conclusion that Mr. Alfred voluntarily pleaded guilty.  They indicate that he understood the charges against him, understood the consequences that might befall him, and made the plea freely.  He has presented no evidence to support his claim that his plea was induced by Ms. Cummings's alleged promises of a lower sentence or resulted from her failure to

---

[59]     Rec. Doc. 80 at 9-10.

[60]     Rec. Doc. 80 at 11.

properly investigate the charges or to properly inform Mr. Alfred in any way. Therefore, the undersigned finds that Mr. Alfred's plea was freely given, rendering any ineffective assistance by Ms. Cummings concerning the plea immaterial. The undersigned further finds that Mr. Alfred has not proven that Ms. Cummings's conduct at the change-of-plea hearing fell below an objective standard of reasonableness or that he would not have pleaded guilty at the hearing had her performance at the hearing been different. In sum, the undersigned finds that Mr. Alfred's claim that Ms. Cummings provided ineffective assistance issue lacks merit.

### B.   MR. GUILLORY

Mr. Alfred contends that Mr. Guillory provided ineffective assistance by failing to object at sentencing to the guidelines calculation in the presentence investigation report and by failing to appeal his sentence when asked to do so.

As noted above, the Sixth Amendment guarantees "reasonably effective" legal assistance.[61]  To show ineffective assistance, a defendant must to show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) such deficient performance prejudiced the defendant.[62]  When an attorney has

---

[61]     See *Strickland v. Washington*, 466 U.S. at 687 (1984).

[62]     *Roe v. Flores–Ortega*, 528 U.S. 470, 476–77 (2000), citing *Strickland v. Washington*, 466 U.S. at 688, 694.

consulted with the defendant regarding whether to appeal, "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal."[63]   A defendant establishes that his counsel's failure to appeal was prejudicial if he shows that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.[64]   The defendant does not have to show that the basis for his appeal was meritorious,[65] and this prejudice test applies even if the defendant waived his right to direct appeal and collateral review.[66]   Therefore, if a *habeas* petitioner such as Mr. Alfred demonstrates by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal

---

[63]      *United States v. Pham*, 722 F.3d 320, 324 (5th Cir. 2013 ) (quoting *Roe v. Flores-Ortega*, 528 U.S. at 478).

[64]      *United States v. Pham*, 722 F.3d at 324, citing *Roe v. Flores-Ortega*, 528 U.S. at 484.

[65]      *United States v. Pham*, 722 F.3d at 324, citing *Roe v. Flores-Ortega*, 528 U.S. at 486.

[66]      *United States v. Pham*, 722 F.3d at 324, citing *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007).

waiver.[67]  This is based on the principle that "the decision to appeal rests with the defendant."[68]

Therefore, if a defendant alleges in a § 2255 motion that defense counsel failed to follow his instructions to appeal, the district court must hold an evidentiary hearing to determine whether the request was made, even if defense counsel denies the allegations.[69]  "A defendant's right to an evidentiary hearing and, ultimately, an out-of-time appeal, is premised on his sworn pleading that he expressly instructed trial counsel to pursue an appeal or file a notice of appeal."[70]

Consequently, an evidentiary hearing was held on December 18, 2013, at which Mr. Alfred and Mr. Guillory testified.  Mr. Guillory explained that he was retained to represent Mr. Alfred after Mr. Alfred had already pleaded guilty.  (Tr. at 4).  He confirmed that Mr. Alfred asked him to object, at the sentencing hearing, to the inclusion in the calculation of his sentence under the applicable sentencing guidelines of three criminal history points for a 1996 possession of cocaine and two criminal

---

[67]      *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007).

[68]      *Roe v. Flores-Ortega*, 528 U.S. at 479.

[69]      See, e.g., *United States v. Valdez*, 392 Fed. App'x 274, 275 (5th Cir. 2010); *United States v. Taylor*, 270 F. App'x 363, 366 (5th Cir.2008); *United States v. Alvarez*, 172 Fed. App'x 587, 589 (5th Cir. 2006); *United States v. Thomas*, 216 F.3d 1080 (5th Cir. 2000).

[70]      *United States v. Rodriguez*, No. H-05-0350, 2011 WL 5358685, at *6 (S.D. Tex. Nov. 3, 2011).

history points for being on parole for the 1996 conviction at the time of the instant charge.  He also confirmed that, at the sentencing hearing, he objected to the three points for the 1996 conviction, the judge overruled the objection, and he did not object to the court's ruling.  He also confirmed that he did not argue, at the sentencing hearing, that the two points for the parole violation should be subtracted.  Both Mr. Guillory and Mr. Alfred testified that they met on two occasions after the sentencing hearing and discussed whether an appeal should be filed.  Both testified that Mr. Guillory initially advised against an appeal.  They both testified that, at the second meeting, Mr. Guillory again advised against seeking an appeal and suggested that they seek a presidential pardon instead of pursuing an appeal.  Mr. Alfred testified that, despite his stated understanding at the sentencing hearing, he did not understand that the lack of an appeal would mean a waiver of the right to seek reversal of his conviction or modification of his sentence.  He said, "I wanted to appeal the case, but when he [Mr. Guillory] told me that he [Mr. Guillory] had a better idea, I leaned more towards his perspective. . .. And I had no idea that it would bar me from continuing to fight my case."  (Tr. at 22).  More specifically, Mr. Alfred testified that Mr. Guillory did not tell him that if he did not appeal within fourteen days, he would waive the right to appeal.  (Tr. at 22).

The hearing testimony established that Mr. Alfred wanted to appeal the district court's sentence on the basis that too many criminal history points were used in calculating his sentence, that he and Mr. Guillory conferred regarding whether an appeal should be filed, that Mr. Alfred did not understand that a failure to appeal would waive his right to raise this issue in the future, and that Mr. Guillory did not file an appeal.  In light of these facts, it must be presumed that Mr. Alfred was prejudiced by Mr. Guillory's failure to appeal his sentence, and Mr. Alfred is entitled to an out-of-time appeal.  Therefore, the undersigned recommends that Mr. Alfred's motion be granted to the extent that he is seeking such a remedy.  Any further discussion of whether Mr. Guillory provided ineffective assistance at sentencing is pretermitted.

## CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, it is the recommendation of the undersigned that the defendant's motion to vacate, set aside, or correct sentence (Rec. Doc. 83) be GRANTED IN PART and DENIED IN PART.  More specifically, the undersigned recommends Mr. Alfred be granted an out-of-time appeal limited to seeking review of the issues he could have appealed had he done so in a timely manner and that, in all other respects, the motion be denied without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Cr. P. 59(b)(2), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or on a date set by the district court, shall act to waive the party's right to review by the district court. Fed. R. Cr. P. 59(b)(2).

Signed at Lafayette, Louisiana this 9th day of January 2014.

_____
Patrick J. Hanna
United States Magistrate Judge

-29-